MARIAL AVERY *v.* JOSIAH CARTER.

**Exemptions—Soldier's Bounty and Back Pay.**

The bounty and back pay of a deceased soldier who died in service during the Civil War, and which is made payable to the widow and children of such soldier, is not subject to the debts of the deceased soldier.

APPEAL FROM CLINTON CIRCUIT COURT.

October 16, 1873.

OPINION BY JUDGE LINDSAY:

The bounty and back pay due to soldiers dying while in the service of the Federal Government during the late Civil war, was by the

acts of Congress made payable to their widows and children, and not to their personal representatives. This court has heretofore held, and is still of the opinion, that such bounty and back pay in the hands of the widows of the deceased soldiers cannot be subjected to the payment of his debts.

Neither the debtor if living nor his creditors could reach such funds by a suit against the United States, and the Government has the right to determine in event of the debtor's death to whom the fund remaining to his credit shall be paid. Outside of the prerogative of government this right is reserved in the contract of enlistment, and it must be respected, by the courts of the country, otherwise one of the means deemed necessary to encourage enlistments in time of war will be taken from the law-making power by the judiciary. Our attention has not been called to any law authorizing the widow to collect and keep the value of the horse alleged to have been paid for by the government, but appellant's petition does not state the amount received for said horse and appellee does not disclose it in answer to interrogatives.

It was error for the court without either allegation or proof to assume that the amount was equal that of the debt sued for.

The judgment must therefore be reversed and the cause remanded.

*Winfrey, Carr,* for appellant.

*Butler, Brent,* for appellee.